IN THE
UNITED STATES COURT OF APPEALS
FOR THE
FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Appellee | : | |
| | : | |
| v. | : | Appeal No. 17-7157 |
| | : | |
| DAVID ANTHONY TAYLOR, | : | |
| Appellant | : | |

**MOTION FOR REMAND
AND FOR STAY OF THE BRIEFING SCHEDULE**

The Appellant, David Anthony Taylor, has requested vacatur of the district court's order denying his petition filed under 28 U.S.C. § 2255, vacatur of his sentence imposed under 18 U.S.C. § 924(c), and a remand of his case to the district court for reconsideration in light of *United States v. Justin Taylor*, 142 S.Ct. 2015 (2022). For the reasons set forth below, the United States concurs that his § 924(c) conviction is infirm in light of *Justin Taylor*, and now moves for remand of this case to the district court for vacatur of his sentence and of the § 924(c) conviction and for resentencing on the remaining counts of conviction.

Because resolution of this Motion is likely to render briefing unnecessary, the United States further moves to stay the briefing schedule pending resolution of this

1

Motion.

The United States has contacted counsel for the Appellant. She has affirmed she does not oppose this motion, but does not necessarily concur with all of its reasoning and preserves all arguments raised in the Appellant's briefing.

## STATEMENT OF THE CASE

### A.     Offense Conduct.

The evidence presented in this case established that David Taylor was a member of a Roanoke, Virginia-based gang known as the "Southwest Goonz." *United States v. David Taylor*, 754 F.3d 217, 220 (4th Cir. 2014). The Goonz focused their efforts on robbing drug dealers, because they typically have drug proceeds in their homes and are generally reluctant to report crimes to the police. *Id.* Taylor persuaded the gang's leader, George Fitzgerald, to take him on several planned home invasions where they hoped to steal drugs and drug proceeds, which may include cash, and jewelry. *Id.*

In the robbery at issue in this case, on August 27, 2009, they targeted the home of Josh Whorley, who lived with his girlfriend, Latasha Graham, and her two children. *Id.* Whorley was reputed to be a dealer of "exotic and high grade marijuana," who both "used and sold drugs in the past." *Id.* at 220. As this Court previously summarized:

Taylor and his associates robbed Whorley's house on the night of

2

August 27. The four robbers kicked in the front door and held guns to Whorley and Graham while searching the house. During the robbery, Taylor hit Graham in the head with his pistol, groped her, and clawed the rings off her fingers. Whorley was also repeatedly struck by one of the robbers. The robbers demanded that Graham tell them where the money and marijuana were located. All in all, the robbers made off with Graham's jewelry, $40 from her purse, two cell phones, and a marijuana cigarette.

*Id.*

## B.    District Court Proceedings

David Anthony Taylor was indicted by a grand jury on July 26, 2012, in a superseding indictment, which charged him with two counts of Hobbs Act robbery and two counts of using a firearm during and in relation to a crime of violence, namely the Hobbs Act robbery offenses alleged in Counts One and Three, respectively. ECF No. 22. As to each Hobbs Act robbery charge, the indictment alleged a completed robbery offense, attempt, and conspiracy in a single count. *Id.* at 1-2. Count Three, the count at issue here, read, in relevant part:

The Grand Jury charges:

1. That on or about August 27, 2009, in the Western Judicial District of Virginia, the defendant, DAVID ANTHONY TAYLOR did knowingly, willfully, and unlawfully obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, by robbery, . . . , and attempted and conspired to do so, in that the defendant, and others, did knowingly and unlawfully take and obtain, and attempt to take and obtain, marijuana and drug proceeds, from the person and property of "JW," against JW's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to

3

JW's person and the persons of his family, and did aid and abet in the same."

2.   All in violation of Title 18, United States Code, Sections 1951(a) and 2.

ECF No. 22 at 2.

At trial, held January 23-25, 2013, the jury was instructed on the elements necessary to prove a completed Hobbs Act robbery and attempted Hobbs Act robbery, but not on the elements of conspiracy. The completed Hobbs Act robbery instruction read:

> [T]he defendant has been charged with violation of the Hobbs Act, that is, with obtaining certain property through robbery. . . .
>
> [T]here are three elements that the government must prove beyond a reasonable doubt to establish guilt of the robbery charged under the Hobbs Act: First, the defendant knowingly obtained or took the personal property of another or from the presence of another; second, that the defendant took this property against the victim's will by actual or threatened force, violence or fear of injury, whether immediately or in the future; and third, that as a result of the defendant's actions, interstate commerce or an item moving in interstate commerce was delayed, obstructed, or affected in any way or degree.

Trial. Tr., Day 3, Jan. 25, 2013, at 604-05; ECF No. 161 at 71-72. The jury was instructed that the third element, the obstruction of interstate commerce, was satisfied if the "the defendant reduced the movement of articles and commodities in interstate commerce, in this case illegal drugs and drug proceeds, or attempted to do so." *Id.* at 605; ECF No. 161 at 72. With regards to attempt, the jury was instructed:

4

The defendant has also been charged with attempting to commit a crime, that is, with attempting to commit a Hobbs Act robbery. To find the defendant guilty of this charge, the government must prove two elements beyond a reasonable doubt:  First, that the defendant had culpable intent to commit the crime charged; and, second, that the defendant took a substantial step towards the completion of the crime that strongly corroborates that intent.

In determining this second element, whether the defendant took the required substantial step, you are instructed that a substantial step is more than mere preparation but less than completion of the crime.

*Id.* at 606-07; ECF No. 161 at 73-74.

The jury verdict form did not require the jury to make separate findings regarding the completed offense and attempt. ECF No. 119. Like the jury instructions, it made no mention of conspiracy. *Id.* As to Count Three, it read:

Do you the jury find the defendant, DAVID ANTHONY TAYLOR, guilty beyond a reasonable doubt of knowingly and unlawfully taking and obtaining, or attempting to take or obtain, by robbery, items having an effect on interstate commerce by means of actual and threatened force, violence, and fear of injury on or about August 27, 2009?

*Id*. The jury could then select "yes" or "no." *Id.* (They selected "yes.").

The jury convicted Taylor on both Hobbs Act robbery charges (Counts 1 and 3), and one § 924(c) charge (Count 4), but acquitted on the other § 924(c) charge (Count 2). *Id.*.

Taylor was sentenced on April 23, 2013, to 336 months, consisting of 252

5

months on Counts 1 and 3, to run concurrently,[1] and 84 months on Count 5 to run consecutively. ECF No. 135. He was fined $1000 and ordered to serve 3 years supervised release on each count, to run concurrently. *Id.*

## C.  Direct Appeals

### 1.  Direct Appeal to the Court of Appeals

Taylor appealed his conviction and sentence. *United States v. Taylor*, 754 F.3d 217 (4th Cir. 2014). On appeal, he argued (1) the government failed to present sufficient evidence that his robberies affected interstate commerce under the Hobbs Act, and (2) the district court erred in prohibiting him from presenting evidence that his robberies of Virginia-grown marijuana dealers did not impact interstate commerce. *Id.* at 221. He did not separately or directly challenge his § 924(c) conviction.

This Court denied his appeal. Explaining that "Taylor's argument . . . rests solely on the sufficiency of the evidence with regard to the jurisdictional predicate," it found the government had met its burden of proof. *Id.* at 224. It reaffirmed "that drug dealing was 'an inherently economic enterprise that affects interstate commerce,'" thus "the government was simply required to prove that Taylor depleted or attempted to deplete the assets of" a drug-dealing operation, and the

---

[1]  *See infra* at page 17 for the discussion of an issue with this sentence.

government did so. The Court affirmed the district court's jury instructions as to the jurisdictional element and found the evidence as to that element sufficient. *Id.* at 224. The Court then made an alternate holding regarding the value of the assets, finding the low value of the stolen items did not undermine the validity of the jury verdict, because "the jury could rationally have concluded that Taylor *attempted* to steal drugs and drug proceeds, and therefore satisfied the Hobbs Act jurisdictional element." *Id.* at 224-225 (quoting *United States v. Tillery*, 702 F.3d 170, 175 (4th Cir. 2012)) (emphasis in original).

### 2.    Proceedings before the Supreme Court

Taylor filed a writ of petition for certiorari on September 4, 2014, in which he argued (1) to prove a Hobbs Act robbery, the government must prove the property stolen had an effect on commerce, and, (2) the Fourth Circuit ruling that drug dealing is inherently an economic enterprise affecting interstate commerce violates due process as it relieves the government of the burden to prove each element of an offense. Pet. for Writ of Cert., Sept. 4, 2014, *Taylor v. United States*, No. 14-6166, 2014 WL 10473865 (U.S.). His petition was granted on October 1, 2015.

The Supreme Court heard arguments on February 23, 2016, and affirmed the conviction on June 20, 2016. *Taylor*, No. 14-6166. The Supreme Court agreed with the Fourth Circuit and held "as a matter of law, the market for illegal drugs is 'commerce over which the United States has jurisdiction.'" *Taylor v. United States*,

7

579 U.S. 301, 309 (2016). Thus, to prove a Hobbs Act robbery, it is sufficient for the government to prove "a defendant knowingly stole or attempted to steal drugs or drug proceeds," and the government met its burden in this case through the evidence "that Taylor's gang intentionally targeted drug dealers to obtain drugs and drug proceeds." *Id.*

Judgment was issued on July 22, 2016.

### D.     Post-Conviction Proceedings

#### 1.     The 2017 § 2255 Motion

Approximately seven months after the Supreme Court affirmed his conviction, on February 13, 2017, Taylor filed a timely § 2255 Petition[2] raising a single claim that "conspiracy to commit Hobbs Act robbery is no longer . . . a predicate offense that can be used for a § 924(c) enhancement." ECF No. 213 at 4. Relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015), Taylor argued his § 924(c) conviction was unsustainable because Hobbs Act conspiracy does not satisfy the force clause of 18 U.S.C. § 924(c)(3)(A) and the residual clause, 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. ECF No. 213-1 at 1.

The United States filed a motion to dismiss on April 12, 2017, pointing only

---

[2] Taylor's first § 2255 Petition was dismissed without prejudice on August 12, 2014. ECF Nos. 167-69.

to caselaw finding that Hobbs Act robbery constitutes a crime of violence, without addressing conspiracy. ECF No. 215.

The district court granted the government's motion to dismiss on July 17, 2017. ECF No. 219. It ruled it need not address the question of whether conspiracy to commit Hobbs Act robbery was a valid § 924(c) predicate because "the record clearly reflects that Taylor was convicted of the substantive offense of Hobbs Act robbery rather than the related offense of conspiracy to commit Hobbs Act robbery." *Id.* at 4. Although the judgment order stated Taylor had been convicted of conspiracy, the district court found the judgment form to be in error, unsupported by the jury verdict and in conflict with the oral pronouncements at sentencing. ECF No. 219 at 7. The court directed the preparation and entry of a corrected amended judgment pursuant to Federal Rule of Criminal Procedure 36. *Id.* The court then held that a substantive, completed Hobbs Act robbery is categorically a crime of violence. *Id.* at 9.

Taylor filed a notice of appeal of this decision on July 28, 2017. ECF No. 225.

Taylor also filed two motions for reconsideration. On July 28, 2017, he asked for reconsideration on the grounds that he had rested his claims on the judgment, which stated he was convicted of conspiracy, and that he should have been alerted of the error prior to the dismissal of his § 2255. ECF No. 224. On August 3, 2017, he asked the court to vacate its order and place his case in abeyance pending cases

before the Fourth Circuit and Supreme Court that address *Johnson*'s applicability to § 924(c) and/or the Hobbs Act, and to reconsider its order on the grounds that the threats permitted under the Hobbs Act are insufficient to satisfy the force clause. ECF No. 228.

The district court denied the motions for reconsideration on August 4, 2017. ECF No. 229. It explained Taylor had ample notice that he had in fact been convicted of a substantive, completed Hobbs Act robbery and thus had ample notice to make arguments in that regard. Not only had he had been present in court on numerous occasions when it was stated he was charged with and convicted of Hobbs Act robbery, but when the United States responded to his § 2255, it addressed only the validity of substantive Hobbs Act violations after *Johnson*. *Id.* at 4-5. Because "[t]he government did not address any argument related to conspiracy to commit Hobbs Act robbery . . . . Taylor had the opportunity to counter the government's arguments and was again put on notice of the nature of his convictions." *Id.* at 5.

On December 20, 2017, Taylor's appeal at the Fourth Circuit was placed in abeyance pending the resolution of cases addressing the applicability of *Johnson* to 18 U.S.C. § 924(c) and the viability of Hobbs Act robbery as a crime of violence. ECF Nos. 236-241.

While this case was in abeyance, the Supreme Court decided two post-*Johnson* cases involving § 924(c) and Hobbs Act robbery. In June 2019, in *United*

10

*States v. Davis*, the Supreme Court held that the residual clause of § 924(c), 18

U.S.C. § 924(c)(3)(B), was unconstitutionally vague. 139 S.Ct. 2319 (2019). Three

years later, on June 21, 2022, in *United States v. Justin Taylor*, the Supreme Court

held that attempted Hobbs Act robbery does not qualify as a crime of violence under

the force (or "elements") clause, 18 U.S.C. § 924(c)(3)(A). 142 S.Ct. 2015, 2020

(2022). In that same period, this Court also issued an opinion holding that completed

substantive Hobbs Act robberies do satisfy the force clause and are valid crimes of

violence under 18 U.S.C. § 924(c). *United States v. Mathis*, 932 F.3d 242, 265-66

(4th Cir. 2019).

In light of the *Justin Taylor* decision, on July 29, 2022, this Court granted

David Taylor a certificate of appealability on the question of "whether Taylor's 18

U.S.C. § 924(c) conviction is infirm because its predicate does not qualify as a crime

of violence." ECF No. 243.

## ARGUMENT

## I. IN LIGHT OF THE JURY INSTRUCTIONS, TAYLOR'S § 924(c) CONVICTION IS INFIRM AND THE DISTRICT COURT'S ORDER SHOULD BE VACATED.

Title 18, United States Code, Section 924(c) prohibits the use or carry of a

firearm during and in relation to, or the possession of a firearm in furtherance of, a

"crime of violence" or a drug trafficking crime. Prior to 2019, a "crime of violence"

was any offense that contained "as an element, the use, attempted use, or threatened

use of physical force against the person or property of another," or "that by its nature, involves a substantial risk that physical force" might be used. 18 U.S.C. § 924(c)(3)(A), (B). In 2019, the Supreme Court invalidated the residual, or risk-of-force, clause of 18 U.S.C. § 924(c)(3)(B). *United States v. Davis*, 139 S.Ct. 2319 (2019). Thereafter, to be a valid § 924(c) predicate, a crime of violence must categorically contain an element of "use, attempted use or threatened use of force" under 18 U.S.C. § 924(c)(3)(A). *United States v. Justin Taylor*, 142 S.Ct. 2015, 2020 (2022). In July 2019, this Court conclusively held that a completed, substantive Hobbs Act robbery constitutes a crime of violence under the force clause. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). However, in June 2022, the Supreme Court ruled that attempted Hobbs Act robbery does not categorically contain a force element and is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). *Id.*

Taylor was charged with, and convicted of, both a substantive, completed robbery and an attempted robbery, and this Court must now resolve whether the § 924(c) verdict can be sustained in light of the jury's verdict. Where two predicate § 924(c) offenses are charged and only one qualifies under current law, to determine if the § 924(c) conviction can be sustained, this Court looks to whether it "can determine the factual and legal basis of [the] § 924(c) conviction." *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 819 (2022). As

12

this Court explained in *Crawley*, if there is no special verdict specifying the offense on which the jury convicted, the "least-punished" offense controls:

> "[I]t is settled that a charging document must allege conjunctively the disjunctive components of an underlying statute." *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (*en banc*) (*per curiam* for *en banc* majority). "[W]hen a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." *Chapman*, 666 F.3d at 228. **"Similarly, in trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced—*in the absence of a special verdict identifying the factual bases for conviction*—to a term of imprisonment exceeding the statutory maximum for the least-punished of the disjunctive statutory conduct."** *Vann*, 660 F.3d at 774 (emphasis added and internal quotations omitted).

*Id.* at 266-67 (emphasis added); *accord United States v. Hare*, 820 F.3d 93, 106 (2016) (sustaining the § 924(c) conviction because special verdict form "clearly shows" the jury convicted on two predicates, one unaffected by *Johnson* and its progeny).

Here, the two offenses were charged in the conjunctive, and the jury was given the option of convicting on *either* a completed Hobbs Act robbery *or* an attempted Hobbs Act robbery. Because there was no special verdict form, it is impossible to know on which of the two offenses the jury convicted.

Because Taylor did not preserve this argument below, he would ordinarily need to overcome procedural default of this issue. *United States v. Frady*, 456 U.S.

152, 163-68 (1982) 1 F.4th 325, 330 (4th Cir. 2021). Here, Taylor can prevail, even under a procedural default standard, because he can show actual prejudice since the evidence undoubtedly supported a finding of attempted Hobbs Act robbery and arguably did not support a verdict on a completed Hobbs Act robbery. As this Court noted in when affirming the conviction, the facts of this case support a finding of attempted Hobbs Act robbery in light of the evidence of the jurisdictional element. *David Taylor*, 754 F.3d at 224 ("Sufficient evidence was adduced at trial for a rational jury to find that Whorley was a drug dealer and that Taylor depleted or attempted to deplete his assets during the August 27 robbery."), *and id.* at 224-25 ( finding even if the value of the stolen items together do not meet the low threshold for a depletion-of-assets theory, "the jury could rationally have concluded that Taylor *attempted* to steal drugs and drug proceeds, and therefore satisfied the Hobbs Act jurisdictional element.").

Because it is impossible to determine on which offense the jury convicted Taylor—a completed Hobbs Act robbery or attempted Hobbs Act robbery—the United States concurs with Taylor that the district court's order should be vacated

and the case remanded.[3]

## II.    THIS CASE SHOULD BE REMANDED FOR RESENTENCING.

In addition to vacating the denial of the § 2255 petition, this case should be remanded for resentencing on the remaining counts of conviction, the two Hobbs Act robbery convictions.

Courts have "broad discretion in crafting relief on a § 2255 claim." *United States v. Chaney*, 911 F.3d 222, 225 (4th Cir. 2018). Where the sentence is unlawful due to a legal defect in the conviction, "the court must vacate the conviction and sentence," but then may determine the appropriate remedy which could be discharging the defendant, granting a new trial, resentencing the defendant, or simply correcting the sentence. *Id.* at 224. Here, the appropriate remedy is to

---

[3] The United States notes that although it agrees with Taylor as to the appropriate resolution of this case, it does not agree with all of Taylor's reasoning. Taylor argues the district court erred by correcting the description of the offense in the judgment, asserting that the court impermissibly looked behind the judgment form at the facts of the case to determine whether Taylor had been convicted of a conspiracy to commit a Hobbs Act robbery. For reasons not fully addressed in this Motion, the district court did not err in that decision. Taylor had been charged with conspiracy to commit a Hobbs Act robbery, but the jury was not instructed on the offense of conspiracy and the word "conspiracy" did not appear on the verdict form. Thus, the district court properly concluded the judgment form was incorrect based upon the jury instructions and verdict form, looked to the oral pronouncement at sentencing, and properly applied Federal Rule of Criminal Procedure 36 to correct an error in the judgment form. *See, e.g., United States v. Vanderhorst*, 927 F.3d 824, 827 (4th Cir. 2019).

15

resentence the defendant.

Although the § 924(c) conviction could simply be excised, to do so would not give proper effect to the sentencing factors of 18 U.S.C. § 3553(a). The sentence imposed "is a package of sanctions that the district court utilizes to effectuate its sentencing intent." *Pepper v. United States*, 562 U.S. 467, 507 (2011) (quotation omitted). Thus, when a single count of conviction is vacated, "resentencing on all counts is a proper remedy under § 2255," *Chaney*, 922 F.3d at 226, because it allows the sentencing court to "reconfigure the sentencing plan . . . to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Pepper*, 562 U.S. at 507 (quoting *Greenlaw v. United States*, 554 U.S. 237, 352 (2008)); *see also United States v. Abed*, 3 F.4th 104, 114-15 (4th Cir. 2021) (affirming an increase in sentence on the remaining counts after the vacatur of a § 924(c)). The Supreme Court itself contemplated resentencings in many § 924(c) cases following *Davis*, explaining "courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." *Davis*, 139 S.Ct. at 2336 (cleaned up). And resentencing on the remaining counts is warranted here because, as this Court has previously observed, "in most cases involving the mandatory consecutive . . . § 924(c) sentence, vacating that portion of the sentence radically changes the sentencing package." *United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997) (quoting *United States v. Smith*, 103 F.3d

16

541 (7th Cir. 1997)).

At resentencing, Taylor faces a maximum penalty of up to 40 years on the two counts of Hobbs Act robbery, which would allow for the court, if it deems it warranted, to impose an upward variance to a sentence up to the 336-month sentence previously imposed. *See Abed*, 3 F.4th at 116. The United States also notes, at the very least, it will allow the district court the opportunity to correct the imposition of the sentence on the Hobbs Act robbery counts. Currently, the sentence imposed is 252 months on each count to run concurrently. However, the statutory maximum penalty for each Hobbs Act robbery count is 20 years, meaning—although the overall sentence is lawful and within the prescribed range—the sentence on each individual count exceeds the statutory maximum term for that count. At resentencing, if the district court imposes a total sentence above 20 years, the district court can correct the sentence by imposing the terms on each count to run partially consecutively to ensure the sentence on each count is within the statutorily-prescribed range.

## CONCLUSION

For the foregoing reasons, the United States moves for the district court's order denying the § 2255 to be vacated. The United States concurs Taylor's § 924(c) must be vacated and moves for this case to be remanded and resentenced accordingly. The United States further moves for the briefing of this matter to be

17

stayed pending resolution of this Motion.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney


<u>s/</u> Jennifer R. Bockhorst
Assistant U.S. Attorney
U.S. Attorney's Office
180 West Main Street
Abingdon, VA 24210
TN Bar No. 021395
USAVAW.ECFAbingdon@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2022, I electronically filed the foregoing

motion of Appellee with the Clerk of the Court using the CM/ECF System, which

will send notice, and constitute service, of such filing to the following registered

CM/ECF user: Arin Melissa Brenner, Counsel for the Appellant.


s/ Jennifer R. Bockhorst
Jennifer Bockhorst
Assistant United States Attorney